## INDUSTRIAL ADDITION ASS'N v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9629.

Circuit Court of Appeals, Sixth Circuit.

May 14, 1945.

See also 141 F.2d 636.

F. A. Berry, of Nashville, Tenn. (Bass, Berry & Sims, of Nashville, Tenn., on the brief) for petitioner.

Melva M. Graney, of Washington, D.C. (Samuel O. Clark, Jr., Sewall Key, J. Louis Monarch, and Melva M. Graney, all of Washington, D. C., on the brief), for respondent.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

PER CURIAM.

The petitioner, a non-profit corporation of Tennessee, organized for the purpose of inducing industry to locate in Dyersburg in order to relieve an unemployment problem there, claimed exemption from corporation taxes under the provisions of subdivision 7 or 8 of § 101 of the Revenue Act of 1936 and corresponding provisions of the 1932 and 1934 Acts. 26 U.S.C.A. Int.Rev.Code, § 101(7, 8). The respondent determined deficiencies and penalties and the Tax Court upheld the respondent in respect to income tax and penalties, but ruled that there were no deficiencies in excess profit taxes.

The decision of the Tax Court was based upon the fact that in 1928 the petitioner acquired a tract of land in which it sold undivided interests to persons who pooled their lots so as to permit the petitioner to borrow money to secure funds with which to erect 100 houses, and that by supplemental agreement a milling company which had been induced to come to Dyersburg, agreed to rent such houses at a charge to yield the petitioner a net return of 6% on its investment, with an option to purchase them at cost of construction plus the value of each lot. It was agreed that the rent should be paid to the owners of the certificates of beneficial interest at the rate of 6% per annum on the face value of such certificates, with the lessee paying all taxes, assessments, and insurance. The lease was for 13 years, renewable for an additional five-year period. The certificates were designated certificates for shares of capital stock, represented that the holder was the beneficial owner of a $300 undivided interest in certain lots, that the holder was entitled to demand and receive from the Dyersburg Cotton Products Company interest upon the principal amount at the rate of 6% per annum, and that the holder would surrender the certificate to the petitioner for cancellation upon payment of principal plus interest accrued and unpaid. The interest agreed upon was paid to the certificate holders in the years 1932 to 1936 inclusive, in pursuance of the terms of the certificates.

The Tax Court held that in order to fall within subdivision 7 of § 101, it must appear not only that the corporation was not organized for profit but that no part of its net earnings inures to the benefit of any private shareholder or individual, and that in order to come within subdivision 8 it must appear that the civic organization is operated exclusively for the promotion of social welfare. It held that when the petitioner subdivided and rented its property it projected itself into a business of a kind ordinarily carried on privately for profit, and entered into a competitive field,

and that to enjoy the advantage of tax exemption it must demonstrate that it falls strictly within one of the favored classifications. This it failed to do because receipts from the rented premises were sufficient to discharge the petitioner's mortgage indebtedness and to return to certificate holders 6% yield on their investments, and was a demonstration also that the petitioner was not operated exclusively for the promotion of social welfare. It rejected the contention that the certificate holders were lenders and not shareholders, on the ground that the certificates were designated as representing shares, contained no promise on the part of the petitioner to pay, and were without maturity date. It further rejected the contention that the distribution to shareholders could not be considered dividends because, under Tennessee law and the petitioner's charter, it was prohibited from distributing dividends since local law was not controlling upon the incidence of a federal tax.

We affirm upon the reasoning of the Tax Court and the precedents cited in its opinion, and particularly upon the authority of Amalgamated Housing Corp. v. Commissioner of Internal Revenue, 2 Cir., 108 F.2d 1010, affirming opinion of the Board of Tax Appeals, 37 B.T.A. 817.

Affirmed.